\*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
In re:                              :
                                    :
PHYLLIS HOLLIS,                     :   Civil Action No. 09-05013 (FLW)
                                    :
                  Debtor            :
_____:
                                    :
THOMAS J. ORR, Trustee and          :
PHYLLIS HOLLIS, individually, debtor,:
                                    :
                  Plaintiff,        :
                                    :   **OPINION**
           vs.                      :
                                    :
                                    :
AMERIQUEST MORTGAGE COMPANY, et al. :
                                    :
                  Defendants.       :
_____

**WOLFSON, United States District Judge:**

This matter comes before this Court upon a motion filed by defendants, Ameriquest Mortgage Company ("Ameriquest"), Ameriquest Mortgage Securities, Inc., Deutsche Bank National Trust Company ("Deutsche Bank"), and AMC Mortgage Services (collectively "Defendants"), seeking leave to appeal an interlocutory Order of the Bankruptcy Court. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 158(a)(3). Specifically, Defendants argue that the Bankruptcy Court erred in denying Defendants' motion for summary judgment, and that the interlocutory appeal is proper because reversal of certain issues would materially advance the ultimate termination of the litigation. For reasons that follow, Defendants' motion is denied.

1

**I.      Overview**

The Court hereby refers to facts set forth in the Opinion of the Bankruptcy Court denying Defendants' motion for summary judgment; for the purposes of this motion, the Court recites only relevant facts. Plaintiff obtained a mortgage loan from Ameriquest on Februray 9, 2006, as part of a refinance. Sometime after the loan was made, Ameriquest reassigned its interest in the loan to Deutsche Bank as part of a pooling and servicing agreement. In May 2007, Duetsche Bank initiated a foreclosure action against Plaintiff for failure to make mortgage payments. In order to stay the foreclosure action, Plaintiff filed a Chapter 7 bankruptcy petition in the Bankruptcy Court, and listed in her schedule of assets causes of action related to predatory lending in connection with the mortgage. On November 7, 2007, Plaintiff and the Chapter 7 Trustee ("Trustee") attempted to rescind the mortgage. As of the date of the Bankruptcy Court's decision on Defendants' motion for summary judgment, Defendants had not taken action in response to the rescission notice.

On November 17, 2007, the Trustee filed a four-count complaint against Defendants in the Bankruptcy Court. The first count alleges that Defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., and the other three counts assert state law fraud claims pursuant to, inter alia, the New Jersey Consumer Fraud Act and common law fraud ("State Fraud Claims"). Defendants moved for summary judgment on all counts, arguing that 1) Plaintiff's TILA claims were timed barred by the Act's one-year statute of limitation from the date of the alleged fraud, and 2) Plaintiff's State Fraud Claims were preempted by TILA and the National Bank Act ("NBA"). The Bankruptcy Court issued an order dismissing Defendants' motion in its entirety, finding that 1) Plaintiff's TILA claims are not time barred; 2) the NBA does not preempt Plaintiff's

state law claims; and 3) TILA does not preempt Plaintiff's state law claims.[1]  Defendants move for leave to file an interlocutory appeal from the Bankruptcy Court's Order with regard to these three issues.

## II.  Discussion

### A.  Standard of Review

At the outset, the Court notes that certification by the bankruptcy judge is not required for interlocutory appeal to the district court under 28 U.S.C. § 158(a)(3).  In re Bertoli, 812 F.2d 136, 138-40 (3d Cir. 1987).  28 U.S.C. § 158(c)(2) provides that "[a]n appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts."  Accordingly, courts have applied the standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district courts to the courts of appeals, in determining § 158 motions.  In re Shafer, No. 09-3575, 2009 WL 3334877, at *1 (D.N.J. Oct. 14, 2009); Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee, 321 B.R. 147, 156 (D.N.J. 2005).

Section 1292(b) provides that interlocutory appeals from orders can only be granted when three requirements are met: 1) the order involves a controlling question of law; 2) as to which there is substantial ground for difference of opinion; 3) and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.  The decision to grant interlocutory appeal is wholly within the district court's discretion.  Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976).  However, strong policy against piecemeal litigation requires that motions for

---

[1] Plaintiff also filed a motion for summary judgment on the first count of her Complaint, which the Bankruptcy Court granted in part and denied in part.  However, that part of the Order is not before this Court in the instant motion.

interlocutory appeals should be granted "sparingly." Kapossy v. McGraw-Hill, Inc., 942 F.Supp. 996, 1001 (D.N.J. 1996). In evaluating these factors, "the court must remember that . . . [a] motion should not be granted merely because a party disagrees with the [previous] ruling." Id. A "difference of opinion" must arise out of a genuine issue as to the correct legal standard. Id. A question is "controlling" if the incorrect disposition would necessitate a reversal of the final judgment. Id.

    **B. Discussion**

To begin, Defendants assert, and Plaintiff disagrees, that the first prong of § 1292(b) test is met with regard to all three issues involved in this motion: 1) whether Plaintiff's TILA claims are time barred, 2) whether the National Bank Act preempts Plaintiff's state law claims, and 3) whether TILA preempts Plaintiff's state law claims. The Court finds that all three issues indeed involve controlling questions of law. See Smith v. Holtz, 87 F.3d 108, 111 (3d Cir. 1996) (interlocutory appeal is proper regarding questions of law relating to statute of limitations); Sperling v. Hoffman-La Roche, Inc., 24 F.3d 463 (3d Cir. 1994) (same); Levine v. United Healthcare Corp., 402 F.3d 156 (3d Cir. 2005) (interlocutory appeal on questions of ERISA preemption); Knipe v. SmithKline Beecham, 583 F.Supp.2d 553, 599 (E. D. Pa. 2008) ("The preemption issue here [regarding FDA regulations] is undoubtedly a controlling question of law"). Likewise, the Court finds that the third prong of the § 1292(b) test is met as to all three issues, because a reversal of any of the three issues would cause one or more of Plaintiff's claims to be dismissed, and thus "materially advance the ultimate termination of the litigation." While Plaintiff argues that a reversal of all three issues would not terminate litigation, the statute does not require the resolution of an interlocutory appeal to resolve the case. See McKowan Lowe & Co., Ltd. v.

Jasmine, Ltd., 295 F.3d 380 (3d Cir. 2002) (granting interlocutory appeal on a question of class certification, the resolution of which allowed the lawsuit to proceed). Thus, the only question remaining is whether a "difference of opinion" exists as to the correct legal standard to be applied to each issue.

### i. Plaintiff's TILA Claims

Defendants argued at the bankruptcy proceeding that Plaintiff is time barred from asserting her TILA claims because TILA requires all causes of action arising under TILA to be brought within one year of the alleged TILA violation. See 15 U.S.C. § 1640(e). Defendants reasoned that because the closing date of the mortgage was February 9, 2006, the alleged fraud must have occurred on or before that date. Plaintiff's Complaint was not filed until November 17, 2007, after the statute of limitation had expired. As such, Plaintiff's TILA claims are time-barred.

However, the Bankruptcy Court applied the exemption provision of § 1640(e) to allow Plaintiff to file out-of-time. In re Hollis, No. 07-22759, 2009 WL 3030125, at *3 (Bankr. D.N.J. Sept. 17, 2009). Section 1640(e) states, "[t]his subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action." In reaching this decision, the Bankruptcy Court held that an adversary complaint based on TILA objecting to a creditor's secured claim in a bankruptcy proceeding acts as a recoupment defense. Id.

Defendants, in support of the instant motion, make no argument contrary to the Bankruptcy Court's decision, other than to state their disagreement by restating their position. In fact, Defendants do not point to any "differences of opinion" regarding the correct legal standard on this

issue. Having found no contrary case law to the Bankruptcy Court's holding, this Court finds that Defendants have not satisfied the second prong of the § 1292(b) test, and as such, their motion for leave to appeal on this issue is denied.

### ii. TILA preemption

In the bankruptcy proceeding, Defendants argued that TILA preempts Plaintiff's state law claims. Id. at *12. The Bankruptcy Court noted that Defendants offered no support for their assertions. Id. at *12-13. Having found that Congress only authorized very limited preemption under TILA to the extent that state law conflicts with provisions of TILA, the Bankruptcy Court held that Plaintiff's claims are not preempted by TILA. Id. at *12.

Again, Defendants do not directly address this issue and make no argument to the contrary, or offer any "differences of opinion" regarding TILA preemption over state fraud claims.[2] Consequently, this Court finds that Defendants have not satisfied the statutory requirements of § 1292(b), and therefore, their motion for leave to appeal on this issue is also denied.

### iii. National Bank Act

Defendants argue that Deutsche Bank is a national bank and therefore is not subject to New Jersey laws with regards to its banking activities. In support, Defendants point to Watters v. Wachovia Bank, 550 U.S. 1 (2007), for the proposition that the NBA preempts state law on matters related to banking activities conducted by national banks. The Bankruptcy Court distinguished Watters on the ground that the NBA only preempts state law when the state law at issue conflicts

---

[2]Defendants argue that TILA's assignee liability provisions "preempt" state fraud claims as it would insulate Deutshe Bank from such claims. The Bankruptcy Court rejected this argument because it held that Plaintiff made a direct fraud claim against Deutshe Bank, therefore the assignee liability provisions do not apply. Id. at *11. This Court finds that the resolution of this issue turns on questions of fact, and thus, it is not a controlling question of law.

with "the letter or the general purpose of the NBA", and "obstructs, impairs, or conditions a national bank's ability to fully exercise its Federally authorized real estate lending powers." In re Hollis, at *10-11.  The Bankruptcy Court reasoned that since national banks can conduct their full panoply of powers without engaging in fraudulent activities, state laws against fraud do not "obstruct, impair, or condition" a national bank's banking affairs.  Id. at 11.  In support of its reasoning, the Bankruptcy Court cited:  National Bank v. Commonwealth of Kentucky, 76 U.S. 353, 362 (1869) ("It is only when the State law incapacitates the banks from discharging their duties to the government that it becomes unconstitutional"); McClellan v. Chipman, 164 U.S. 347, 357 (1896) ("National banks are subject to the laws of the state, and are governed in their daily course of business far more by the laws of the state than of the nation"); and In re Ocwen Loan Servicing, LLC Mort. Servicing Litigation, 491 F.3d 638, 644 (7th Cir. 2007)("[I]f the mortgagee (or a servicer like Ocwen) fraudulently represents to the mortgagor that it will forgive a default, and then forecloses, it would be surprising for a federal regulation to bar a suit for fraud").

   To support their proposition that a difference of opinion exists as to whether the NBA preempts state fraud claims in the context of lending, Defendants cite to Fultz v. World Savings and Loan Ass'n, No. C08-0343RSL, 2008 WL 4131512 (W. D. Wash. Aug. 18, 2008).  In Fultz, plaintiff asserted state law fraud claims against a nationally-registered mortgager for certain non-disclosures during the loan process.  Id. at *1.  The Fultz court held that the NBA preempted plaintiff's state law claims because "[d]espite the general nature of the state laws at issue in this case, plaintiffs are attempting to use the laws to require particular disclosures at particular times and in a particular manner.  Such activities are defined as integral components of lending operations [by the Comptroller of the Currency ("OCC")], and OCC has recognized that the

proliferation of state regulations on this topic would interfere with the uniform federal scheme." Id. at *2.

A survey of the relevant case law reveals other district court cases within the Third Circuit that are both in support and in disagreement with Defendants' proposition. Compare Johnson v. Chase Manhattan Bank, USA N.A., No. 07-526, 2007 WL 2033833 (E. D. Pa. Jul. 11, 2007) (holding that the NBA preempts plaintiff's claims of fraud under Pennsylvania's Home Improvement Finance Act, where HIFA's prohibitions on cash loans and certain non-interest charges are inconsistent with OCC regulations), Basile v. H & R Block, Inc., 897 F.Supp. 194 (E. D. Pa. 1995) (holding that the NBA preempts defendant's alleged violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Act regarding interest rate charges, because the NBA specifically defines what the allowable interest rates are); with Mann v. TD Bank, N.A., No. 09-1062, 2009 WL 3818128 (D.N.J. Nov. 12, 2009) ("the state laws at issue in this case [regarding fraud under the New Jersey Consumer Fraud Act] do not prohibit Defendants from conducting a discreet banking activity. Rather, the state laws at issue prohibit Defendants from conducting a discreet banking activity in a certain manner"), Mwantembe v. TD Bank, N.A., No. 09-0135, 2009 WL 3818745 (E. D. Pa. Nov. 17, 2009) (holding that state law claims of fraud regarding gift cards issued by national banks are not preempted by the NBA because gift cards are not specifically authorized by the OCC).

However, in examining these cases, the Court finds that in determining whether the NBA preempts certain state law claims regarding fraud, the critical analysis is whether the alleged fraud involves a specific activity that is directly regulated by the NBA or OCC regulations. In this case, Defendants do not point to any NBA provision or OCC regulation that directly addresses the

alleged fraudulent conduct. Instead, Defendants make only the general assertion that the NBA preempts Plaintiff's state law claims because the claims are related to banking activities, even though the state laws at issue are laws of general applicability that are not specifically directed at banking. Without more, the Court finds that Defendants fail to satisfy their burden under the § 1292(b) test to show that a "difference of opinion" exists amongst courts. Accordingly, the Court exercises its discretion and denies Defendants' motion for leave to appeal.

### III.   Conclusion

For the foregoing reasons, the Court finds that Defendants have not satisfied the statutory requirements for granting an interlocutory appeal and therefore, Defendant's motion for leave to appeal is DENIED.

/s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge

Date: January 22, 2010